NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA AKOPIAN, AKA Anoush Patrikian, | No.    16-72454 |
| Petitioner, | Agency No. A095-716-867 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2019**
Pasadena, California

Before:  WARDLAW, BERZON, and BADE, Circuit Judges.

Anna Akopian, a native and citizen of Georgia, petitions for review of a

Board of Immigration Appeals (BIA) order denying her motion to reopen removal

proceedings as untimely and unexcused by changed country conditions.  We have

jurisdiction pursuant to 8 U.S.C. § 1252.  We review for abuse of discretion the

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition.

1. The BIA did not abuse its discretion by denying Akopian's motion to reopen because it was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Akopian presented insufficient evidence of qualitatively changed country conditions to fall within the exception, 8 U.S.C. § 1229a(c)(7)(C)(ii). At the time of Akopian's previous hearing in 2010, there was a strong social stigma against homosexuals in Georgia, same-sex couples had no right to marry, and there were reports of violence against the LGBTQ community. The BIA did not abuse its discretion in concluding that Akopian's newly submitted evidence of the acquittal of those who incited violence at a gay-rights rally, the proposal of a constitutional amendment to preclude same-sex marriage, and ongoing hostility towards the LGBTQ community is not qualitatively different from the evidence presented at her initial asylum hearing. *Najmabadi*, 597 F.3d at 987.

2. Akopian also claims that the BIA violated her due process rights by taking administrative notice of the U.S. Department of State's 2015 Country Report on Human Rights Conditions in Georgia without giving her notice and an opportunity to respond. Because the 2015 Country Report contained information similar to that proffered by Akopian, there were no "controversial" or "individualized" facts requiring notice and an opportunity to respond. *Getachew v. I.N.S.*, 25 F.3d 841,

2

846 (9th Cir. 1994). Moreover, Akopian has failed to demonstrate prejudice.

*Circu v. Gonzales*, 450 F.3d 990, 995 & n.3 (9th Cir. 2006) (en banc).

**PETITION FOR REVIEW DENIED.**